NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

SAVAIR MANUFACTURING
COMPANY, Respondent.

No. 77–1713.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 20, 1977.

Decided Dec. 19, 1979.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., Bernard Gottfried, Director, Region 7, N. L. R. B., Detroit, Mich., for petitioner.

David B. Gunsberg, Breskin & Gunsberg, Detroit, Mich., for respondent.

Before EDWARDS, Chief Judge, and KEITH and KENNEDY, Circuit Judges.

**170**

## ORDER

The National Labor Relations Board has applied for enforcement of an order based upon its finding of violations of Section 8(a)(1) and 8(a)(4) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1) and (4) directed to Savair Manufacturing Company requiring it to rehire an employee who had previously worked for the company in 1968 and 1969. The employee, Henkins, had been spokesman for a wage protest walkout which had succeeded in occasioning a 10-cent-an-hour increase for all employees involved, except Henkins, who left the company employment shortly thereafter.

In 1976 Henkins applied for reemployment at Savair after learning that the company was hiring turret lathe operators in which skilled job Henkins had previously worked. Savair refused to employ Henkins, which refusal led to Henkins' NLRB complaint alleging that the refusal was rooted in his activity in the 1969 walkout, or in his asserted threat to take the failure to hire him to the National Labor Relations Board.

The case was heard before an Administrative Law Judge who credited Henkins' testimony and discredited a good deal of the testimony of the company's supervisor and found both 8(a)(1) violation as to the protected concerted activity charge, and 8(a)(4) violation in relation to the threat to go to the Board.

Although the testimony is in sharp conflict on the 8(a)(4) violation, the Board was entitled to conclude from the testimony of the company official that Henkins' activity in 1969 played a major role in the company's refusal to hire him because he was "trouble."

Enforcement of the Board's order will be granted, based upon the 8(a)(1) violation found by the Board.